# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7409 | **DATE** | 5/22/2003 |
| **CASE TITLE** | Sarver vs. Trans Union, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant Cross Country Bank's motion to compel arbitration and stay proceedings as to it. This stay does not apply to defendant Trans Union.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices: 3 | Document Number |
| | No notices required. | | |
| X | Notices mailed by judge's staff. | MAY 2 3 2003 date docketed | |
| | Notified counsel by telephone. | | 21 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 5/22/03 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| MPJ courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LLOYD SARVER,                          )
                                       )
            Plaintiff,                 )
                                       )
     v.                                )
                                       )  No.  02 C 7409
TRANS UNION, LLC and CROSS COUNTRY     )
BANK,                                  )
                                       )
            Defendants.                )
                                       )

## MEMORANDUM OPINION AND ORDER

Plaintiff Lloyd Sarver filed a two count complaint against defendants Trans Union, LLC ("Trans Union") and Cross Country Bank ("Cross Country"). Count one asserted a violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681t ("FCRA"), by Trans Union, and count two asserted a violation of the FCRA by Cross Country. Trans Union filed an answer to the complaint. Cross Country, on the other hand, filed a motion to compel arbitration and stay proceedings as to plaintiff's claim against it. I grant the motion.

Mr. Sarver opened two credit card accounts with Cross Country. He alleges that Cross Country has been reporting inaccurate information regarding Mr. Sarver and his credit history to third parties in violation of the FCRA. Cross Country seeks to compel arbitration of this claim based on arbitration clauses found in cardmember agreements associated with Mr. Sarver's accounts.

DOCKETED
MAY 2 8 2003

21

Under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), once I am satisfied that the making of the agreement to arbitrate is not in issue, I must order the parties to proceed to arbitration in accordance with their agreement. 9 U.S.C. § 4. An agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Mr. Sarver acknowledges that his activation and use of the credit cards made the cardmember agreements effective. (Pl.'s Resp. Def.'s Mot. Compel Arbitration at 2, 11.) Mr. Sarver argues that the agreements to arbitrate are not valid, however, because they are unconscionable. Under either Delaware or Illinois law[1] the arbitration clauses here are not unconscionable. *See Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 912-13 (Del. 1989) (holding that an arbitration clause in a "take-it-or-leave-it" adhesion insurance contract was not unconscionable, even when the insured was not provided with a copy of the policy until after coverage had begun); *Larned v. First Chicago Corp.*, 636 N.E.2d 1004, 1006 (Ill. App. Ct. 1994) (holding that mere fact that challenged clause was contained in an adhesion contract offered by a credit card company did not support a finding of unconscionability because the consumer freely chose the credit card

---

[1] Mr. Sarver is a citizen of Illinois, while Cross Country is headquartered in Delaware. Further, all the cardmember agreements at issue contain a Delaware choice of law clause.

2

from a number of other credit card offers).

Here, the arbitration clauses cover all disputes that "arise out of" the cardmember agreements. Arbitration agreements covering disputes "arising out of" a contract reach "all disputes having their origin or genesis in the contract." *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993). As Mr. Sarver's complaint alleges failure to correct and unlawful reporting of information regarding his credit card accounts, this dispute has its genesis in the cardmember agreements, and is thus covered by the arbitration clause.

Mr. Sarver also argues that the arbitration clauses here are contrary to public policy because they do not provide for the awarding of attorneys' fees, which are necessary to fulfill the public policy behind consumer protection statutes such as the FCRA. It is well established that statutory rights may be arbitrated "so long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 90 (2000) (internal quotations omitted). While a prohibition against awarding fees in arbitration could preclude arbitration of statutory rights, the arbitration clauses here contain no such prohibition. *Cf. Graham Oil Co. v. ARCO Products Co.*, 43 F.3d 1244, 1247-48 (9th Cir. 1994) (holding that court, not arbitrator, must decide claims under the Petroleum Marketing Practices Act because arbitration clause at issue expressly forfeited parties' statutorily-mandated right to

recover, among other things, attorneys' fees). The arbitration clauses here do not forbid the arbitrator from awarding attorneys fees. Thus, there is no reason to believe that Mr. Sarver will be unable to vindicate effectively his rights under the FCRA in arbitration.

Defendant Cross Country Bank's motion to compel arbitration and stay proceedings as to it is GRANTED.

ENTER ORDER:

*Elaine E. Bucklo* (signature)

**Elaine E. Bucklo**
United States District Judge

Dated: May 22, 2003